UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

GRETAG IMAGING, INC.

Debtor

Chapter 7

Case No. 03-40225-HJB

## TRUSTEE'S MOTION FOR AUTHORITY TO OPERATE BUSINESS AND REQUEST FOR EXPEDITED DETERMINATION

To the HONORABLE HENRY J. BOROFF, U.S. Bankruptcy Judge:

Now comes David W. Ostrander, Chapter 7 Trustee in the above captioned case ("Trustee"), by his counsel, and requests that the Court authorize him to operate the Debtor's business for a limited time pursuant to Section 721 of the Bankruptcy Code, and request for expedited determination. In support of this motion, the Trustee respectfully represents as follows:

1. On January 13, 2003 (the "Petition Date"), the Debtor filed a Chapter 7 Voluntary Petition[1]. The Meeting Of Creditors is scheduled for February 20, 2003.

2. The Debtor's business, in general terms, involved the design, engineering, manufacture, sales and service of photo processing equipment and systems.

3. On January 16, 2002, the Trustee met with Philip J. Hendel, Esq., Counsel To Debtor, Robert Cunningham, Esq., former corporate counsel to the Debtor, Mark DeSimone ("DeSimone"), former president of the Debtor, and Colin Vigdal ("Vigdal"), former chief financial officer of the Debtor, to review the case and obtain a better understanding of the financial circumstances of the Debtor. Thereafter, the Trustee met again with DeSimone and Vigdal at the Debtor's facility located at 361 Whitney Avenue, Holyoke, Massachusetts, to view the business premises and to better understand the nature of the assets and the best method to maximize the value of the Debtor for the benefit of its creditors.

ENTERED ON DOCKET

01/22/03    9

4. After lengthy discussions with various individuals, the Trustee believes that the best method to maximize the value of the Debtor's assets is for the Trustee to operate the business of the Debtor for a limited time period as contemplated in Section 721 of the Bankruptcy Code. Specifically, the Trustee believes that the sale of certain equipment and parts to established customers will generate a far greater return for the Bankruptcy Estate than a wholesale liquidation sale by auction. Further, the Trustee is aware of substantial interest by prospective purchasers of various parts of the Debtor's business which may include the purchase of the two parcels of real estate owned by the Debtor (Chicopee, MA and Holyoke, MA).

5. The Trustee has discussed an orderly liquidation of the Debtor's assets with DeSimone and Vigdal and requested their assistance in managing the business during the liquidation phase. The Trustee believes that DeSimone and Vigdal are essential to the effort to maximize the value of the Debtor's assets given their past positions and experience with the Debtor.

6. DeSimone and Vigdal have provided the Trustee with a proposal for the estimated cost and time frame for carrying out many of the services which may be needed to liquidate the assets. A copy of the Proposal has been attached hereto as **Exhibit A**. DeSimone and Vigdal have advised the Trustee that the Proposal could ultimately result in the recovery of in the range of **$2 to $2.5 million dollars** for the Bankruptcy Estate whereas the expected recovery if all assets are sold at auction would be far less.

7. DeSimone and Vigdal have agreed to offer their services to the Bankruptcy Estate as independent contractors at the following hourly rates: DeSimone, $125; Vigdal, $100. These rates are roughly based on their respective compensation and benefit package paid by the Debtor prior to the Petition Date.

---

[1] An associated entity, Gretag Imaging Group, Inc. ("GIGI") also filed a Chapter 7 Voluntary Petition the same day. The case number is 03-40224-HJB. Pursuant to Schedule B filed in the case, GIGI's primary asset is the 100% stock ownership of the Debtor.

**In re Gretag Imaging, Inc., Chapter 7, Case No. 03-40225-HJB**                              Page 3

8. Additionally, in order for the Bankruptcy Estate to retain the services of DeSimone and Vigdal during the liquidation period[2], as well as to encourage and reward maximum effort, the Proposal contemplates the payment of a commission on the sale of equipment, parts and other miscellaneous items in inventory.

9. As set forth in the Proposal, DeSimone and Vigdal would be paid a commission of five percent (5%) of sales up to and including $1.5 million, seven and one half percent (7.5%) of sales from $1.5 million up to and including $2.5 million, and ten percent (10%) of sales greater than $2.5 million.

10. To the extent necessary, DeSimone and Vigdal would hire former employees of the Debtor to assist in the liquidation process. These individuals would also be treated as independent contractors of the Bankruptcy Estate and paid an hourly rate based on their former pay scale and benefit package. DeSimone and Vigdal have advised the Trustee that they anticipate that no more than twenty (20) former employees would be needed to assist them. Their services would be on "as needed" basis.

11. Eastman Kodak Company ("Kodak") is listed as a secured creditor of the Debtor with a debt owed of approximately $19 million dollars. Kodak holds a mortgage on the Debtor's real estate located in Chicopee, MA and is also listed as having a "blanket lien" on all assets of the Debtor. The Trustee has not had an opportunity to completely review the extent and validity of Kodak's lien on "on assets" of the Debtor, but to the extent that such lien is valid and enforceable, the Trustee contends that the expenses incurred for the operation of the business, as contemplated herein, constitute a claim pursuant to Section 506(c) of the Bankruptcy Code. As a result, the Trustee can recover such expenses from the "collateral" of Kodak for preserving and disposing of the assets.

12. <u>The Trustee further requests expedited determination of this motion.</u> Although this case is less than two weeks old as of the present date, the Trustee has received

---

[2] Both DeSimone and Vigdal have advised the Trustee that they have received employment offers for their services but are willing to postpone taking new employment while the liquidation as set forth in the Proposal continues.

In re Gretag Imaging, Inc., Chapter 7, Case No. 03-40225-HJB                    Page 4

**voluminous** communications from vendors, suppliers, customers and other interested parties inquiring into the case status, whether equipment and parts will be sold, and the possible purchase of segments of the Debtor's business. By granting expedited determination, the Trustee may be able to know the direction of this case. If the motion to operate the business is not allowed, then the Trustee will take appropriate steps to liquidate the assets of the Debtor in another fashion. If the motion is allowed, then the Trustee, with the assistance of DeSimone and Vigdal, can promptly implement the plan set forth in the Proposal.

**WHEREFORE**, the Trustee requests that the Court enter an Order authorizing the Trustee to operate the Debtor's business as set forth herein, to grant expedited determination of this motion, and for such other relief that is just and proper.

Dated: January 22, 2003

David W. Ostrander, Trustee

By: _____
David W. Ostrander, Esq., BBO#554004
Ostrander Law Office
36 Service Center Road
P.O. Box 1237
Northampton, MA 01061-1237
T: (413) 585-9300  F: (413) 585-9490

In re Gretag Imaging, Inc., Chapter 7, Case No. 03-40225-HJB    Page 5

## Proposed Services and Anticipated Time Schedule
### Estimated Cost to the Estate

**Services**
- Maintain Facility (Holyoke and Denver)
- Collection of Accounts Receivable
- Mail Sort and deposits
- Remove Chemistry and ready equipment for sale
- Marketing and sales of Equipment and Parts
- Marketing and sale of Denver
- Order entry and shipping of equipment and parts
- Collection and accounting for sales
- Information systems maintenance

**Schedule**

**Week 1**

| | Hours | Rate | Cost |
|---|---|---|---|
| Remove chemistry & Clean Equipment | 160 | 35 | $5,600 |
| Mail and fax out notices to customer off last chance parts sale | 40 | 25 | $1,000 |
| Ready Oracle and systems for orders and collection | 40 | 50 | $2,000 |
| Responses to Governmental unemployment agencies | 40 | 35 | $1,400 |
| Start Collection of A\R | 40 | 50 | $2,000 |
| Facility \Mail\ Clean up | 40 | 30 | $1,200 |
| Set up bank accounts\Lock box | | | |
| Start Marketing of FG | | | |
| Move Denver \ Market Denver | | | |
| Mark DeSimone | 40 | 80 | $3,200 |
| Colin Vigdal | 40 | 125 | $5,000 |
| | 40 | 100 | $4,000 |

**Week 2**

| | Hours | Rate | Cost |
|---|---|---|---|
| Prepare Equipment | | | |
| Order entry of Orders received | 40 | 35 | $1,400 |
| Collection of A\R | 40 | 25 | $1,000 |
| Oracle and system maintenance | 40 | 50 | $2,000 |
| Facility \Mail\ Clean up | 40 | 50 | $2,000 |
| Marketing of FG | 40 | 30 | $1,200 |
| Move Denver \ Market Denver | | | |
| Mark DeSimone | 40 | 80 | $3,200 |
| Colin Vigdal | 40 | 125 | $5,000 |
| | 40 | 100 | $4,000 |

**Week 3**

| | Hours | Rate | Cost |
|---|---|---|---|
| Pick and Pack Orders Received | 240 | 20 | $4,800 |
| Order entry of Orders received | 40 | 25 | $1,000 |
| Collection of A\R | 40 | 50 | $2,000 |
| Oracle and system maintenance | 40 | 50 | $2,000 |
| Facility \Mail\ Clean up | 40 | 30 | $1,200 |
| Move Denver \ Market Denver | 40 | 80 | $3,200 |
| Prepare Notice of reduced price sale | | | |
| Marketing of FG | | | |
| Mark DeSimone | | | |
| Colin Vigdal | 40 | 125 | $5,000 |
| | 40 | 100 | $4,000 |



**Week 4**

| | | | |
|---|---|---|---|
| Pick and Pack Orders Received | | | |
| Order entry of Orders received | 240 | 20 | $4,800 |
| Collection of A\R | 40 | 25 | $1,000 |
| Oracle and system maintenance | 40 | 50 | $2,000 |
| Facility \Mail\ Clean up | 40 | 50 | $2,000 |
| Send and Fax Notice of Reduced price sale | 40 | 30 | $1,200 |
| Marketing of FG | | | |
| Mark DeSimone | 40 | 125 | $5,000 |
| Colin Vigdal | 40 | 100 | $4,000 |

**Week 5**

| | | | |
|---|---|---|---|
| Pick and Pack Orders Received | | | |
| Order entry of Orders received | 240 | 20 | $4,800 |
| Collection of A\R | 40 | 25 | $1,000 |
| Oracle and system maintenance | 40 | 50 | $2,000 |
| Facility \Mail\ Clean up | 40 | 50 | $2,000 |
| Send and Fax Notice of Reduced price sale | 40 | 30 | $1,200 |
| Marketing of FG | | | |
| Mark DeSimone | 40 | 125 | $5,000 |
| Colin Vigdal | 40 | 100 | $4,000 |

**Estimated Total Cost to the Estate** — $101,400

---

## Operating Guidelines

- All sales will be COD
- An inventory listing will be sent to perspective buyers at current prices for purchase by receipt of faxed order only to be sent on only those days designated. Orders will be filled on a first in first out basis only.
- No backorders will be acknowledged.
- A second round will be published to perspective buyers after the first round orders are completed reflecting lower prices and will be managed in the same manner as those received in the first round.
- Inventory remaining after rounds one and two will be sold on auction.
- Some items such as company gifts (shirts, golf balls etc.) including perishable consumable materials may be sold on Ebay.
- Obtain approval prior to any budget variance
- Only Parts and Finished goods will be sold (no fixed assets)
- Prior approval of Trustee for any sale less that 40% of Book Value
- Market Denver as an operating entity
- All employees will be independent contractors
- Prior approval for any sale to an ex Gretag Employee/Company/insider
- Building Utilities / Systems are functional and paid by the estate
- Services such as postage etc. will be additional costs to the estate
- Estate has appropriate insurance coverage in place for all contract employees

---

## Commission on all Sales / Sliding Scale

Sales through the first $1,500,000.00 - 5.0%
Sales from $1,500,001.00 through $2,500,000.00 - 7.5%
Sales greater than $2,500,000.00 - 10.0%

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re:

GRETAG IMAGING, INC.

Debtor

Chapter 7

Case No. 03-40225-HJB

### CERTIFICATE OF SERVICE

I, David W. Ostrander, do hereby certify that I served a copy of the Trustee's Motion For Authority To Operate Debtor's Business And Request For Expedited Determination on the following, as well as those creditors listed on the attached Service List, by first class mail, postage prepaid, except as otherwise indicated, on January 22, 2003:

Office of the U.S. Trustee
600 Main Street, Suite 200
Worcester, MA 01608
(via fax transmission only)

Philip J. Hendel, Esq.
Counsel To Debtor
Hendel & Collins, P.C.
101 State Street
Springfield, MA 01103

Robert P. Cunningham, Esq.
Robinson Donovan Madden & Barry, P.C.
1500 Main Street, Suite 1600
P.O. Box 15609
Springfield, MA 01115-5609
(via fax transmission only)

Terry Malik, Esq.
Daniel McGuire, Esq.
Counsel to Eastman Kodak Co.
Winston & Strawn
35 West Wacker Drive, 42nd Floor
Chicago, IL 60601
(via fax transmission only)

Mr. Colin Vigdal
35 Gary Drive
Westfield, MA 01085
(via email only)

Mr. Mark DeSimone
84 Brookwood Drive
Westbrook, CT 06498
(via email only)

John J. Driscoll, Esq.
Counsel To Banknorth
Resnic Beauregard Waite & Driscoll
330 Whitney Avenue, Suite 400
Holyoke, MA 01040
(via fax transmission only)

David W. Ostrander
Ostrander Law Office
P.O. Box 1237
Northampton, MA 01061-1237
T: (413) 585-9300 F: (413) 585-9490

## SERVICE LIST FOR GRETAG IMAGING, INC.
## CHAPTER 7, CASE NO. 03-40225-HJB

UBS AG
P.O. Box CH-8098
Zurich, Switzerland

GRETAG IMAGING TRADING AG
Althardstrasse 70
Rengensdorf, CH-8105
Switzerland

AMERICAN STORES
15100 North 90th Street
Scotsdale, AZ 85260

GAMA DAN EQUIP
Refroma International
Industrivej 11-13
Soroe, Denmark dk-4180

PIXEL PHOTOGRAPHICS
Locked Bag 5
East Bentleigh
Victoria, Australia 3165

THOMAS ELECTRONICS, INC.
100 Riverview Drive
Wayne, NJ 07470

AMERICAN EXPRESS COMPANY
Suite 0001
Chicago, IL 60679-0001

MILLRITE MACHINE, INC.
587 Southampton Road
Westfield, MA 01085

FIORE MACHINE, INC.
P.O. Box 51972
140 Michon Street
Indian Orchard, MA 01151

LABTECH GMBH (LTG)
Rontgenstrasse 10
D-40699 Erkrath 2
Erkrath, Germany

IRS Bankruptcy Unit
Insolvency Group, Stop 20800
JFK P.O. Box 9112
Boston, MA 02203

WALGREENS
200 Wilnot Road
Deerfield, IL 60015

GRETAG SAN MARCO
Post Office Box 228
1-33170
Pordenone, Italy

GRETAG SYSTEL
30030 Olmo DI Martellago
Via Dosa 1
Venezia, Italy

AGFA-GEVAERT AG
Tegernseer Landstr. 161
81539 Muechen
Switzerland

PEMSTAR, INC.
SDS 12-1061
P.O. Box 86
Minneapolis, MN 55486-1961

KYOCERA AMERICA INC.
8611 Balboa Avenue
San Diego, CA 92123

INCOM, INC.
P.O. Box 3480
Boston, MA 02241-3480

SCHNEIDER FREIGHT USA INC.
145TH Avenue & Hook Creek
Bldg C-1 (G)
Valley Stream, NY 11581

OPTICAL COATING LABORATORY
2789 Northpoint Parkway
ATTN: Kathi Czahar
Santa Rosa, CA 95407

DYNA-FAB
P.O. Box 80
Accord Station
Hingham, MA 02018

Mass. Dept. Of Revenue
Bankruptcy Unit
P. O. Box 9484
Boston, MA 02205-9484